## BALDWIN vs. HAZZLETON.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. This is an action for money had and received by the defendant, as sheriff of the parish of Natchitoches, on an execution in favor of the plaintiff. The defendant pleaded a larger sum in compensation, praying judgment for the balance. Judgment was accordingly given for the latter and the former appealed.

Our attention is first drawn to a bill of exceptions to the district court, refusing to admit as evidence the execution produced by plaintiff's counsel.

Its introduction was opposed because it appeared to bear date of *September*, 1822, and to be issued against John Sibley and *John H. Sibey, the property of John Sibley being first discussed,* while the execution described in the petition is stated to bear date *about September*, 1822, and to be against John Sibley.

As the execution was not the gist of action, which was the actual receipt of the money, we think the variance was not fatal, and the execution was set forth with sufficient certainty: the *epithet about*, prefixed to the month in which it is

West'n District, *Sept.* 1824.

BALDWIN
*vs.*
HAZZLETON.

Where an instrument is not the gist of the action, a slight variance between that alleged, and proved, is immaterial.

West'n District,
*Sept* 1824.

BALDWIN
*vs.*
HAZZLETON.

stated to be dated, authorised the production of an execution dated within *three months*, and the execution was in a suit in which John Sibley was the *principal* debtor J. H. Sibley's property was directed to be spared if John Sibley's could be had. On pleading *compensation* and praying judgment for *a balance* due the defendant, the plea of the general issue was waved.

We find no evidence of the claim offered in compensation.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the plaintiff for the sum of two hundred and forty-eight dollars and seventy-five cents, reserving to the defendant his right of action for the alleged claim, and he paying costs in both courts.

*Baldwin* & *Bullard* for the plaintiff, *Rost* & *Holkham* for the defendant.